Leah Griffith SCHRAG, in her own right and Leah Griffith Schrag, Administratrix of the Estate of David Schrag, deceased, Plaintiffs,

v.

I. F. KOONTZ and Frank Koontz, individually and as co-partners trading as Anchor Cement Block Works, Defendants and Third-party Plaintiffs,

Leah Griffith SCHRAG, Administratrix of the Estate of David Schrag, deceased, Third-party Defendant.

Civ. A. No. 14674.

United States District Court
W. D. Pennsylvania.
Sept. 24, 1957.

Benjamin Crone, Pittsburgh, Pa., for plaintiffs.

Herbert Jacobson, Pittsburgh, Pa., for defendants.

William J. Lancaster, Pittsburgh, Pa., for third-party defendant.

MARSH, District Judge.

At the request of the Aetna Casualty and Surety Company, William J. Lancaster, Esq., a member of the bar of this Court, entered his appearance for Leah Griffith Schrag, Administratrix of the Estate of David Schrag, deceased, the third-party defendant in the above entitled case. After filing an answer for her, and after the expiration of about nine months, the said attorney asked leave to withdraw his appearance, alleging that his client, the said insurance company, "now believes that it does not owe coverage, and that it does not owe a defense to the claim of Leah Griffith Schrag, in her own right, against Leah Griffith Schrag, Administratrix of the Estate of David Schrag, deceased, third-party defendant."[1] Accordingly, the insurance company ordered Attorney Lancaster to withdraw his appearance for the third-party defendant. Under Rule 2 of this court, counsel must obtain leave of court to withdraw an appearance.

The petition is formally resisted by the plaintiffs. They argue that the said insurance company not only legally owes a defense and coverage to the third-party defendant, but also the said company and its counsel by actively assuming "control of the third-party defendant's case, have waived their right to deny coverage, and are estopped from asserting this argument."[2]

The court is of the opinion that said attorney should be permitted to withdraw his appearance, unless it can be shown that the third-party defendant would be prejudiced by this action.

The Administratrix has not specified how she will be prejudiced by the withdrawal of insurer's counsel, and the court is unable to perceive any legal disadvantage which might result therefrom. To be sure, plaintiffs' counsel argues that the Administratrix will be prejudiced for "practical" reasons, but these reasons do not appear in his brief.

The Administratrix, as a plaintiff, has retained competent and skillful counsel. As a plaintiff and third-party defendant, she has identical legal and factual burdens to be litigated at the trial, viz.: to establish that the defendants were the negligent cause of the accident she alleges, and to resist the defendants' contentions that her deceased husband was the negligent cause thereof, or was guilty of contributory negligence.

The Administratrix' retained counsel does not suggest, and it would be futile for him to do so, that he will not be in a position to adequately and fully protect her interests even if the insurer's counsel is granted leave to withdraw. Usually it is retained counsel, and not the insurer's counsel, who assumes active conduct of the trial in behalf of a third-party defendant who is also a plaintiff. In any event, insurer's counsel will be present at trial in order to prosecute the counterclaim which he has filed in behalf of the Administratrix against the defendants, and which involves contentions not inconsistent with those the Administratrix must establish and oppose as plaintiff and third-party defendant. In addition, the Administratrix will be given time to procure representation as a third-party defendant, if she believes that there is a real need therefor.

Whether or not under the terms of the insurance policy and the law, the insur-

---

1. See page two of petitioner's brief.

2. See paragraph 4 of plaintiffs' brief.

ance company owes the Administratrix a defense and coverage, or either of them, are questions which may, or may not, arise in the future. The withdrawal of counsel in obedience to the insurance company's command, cannot possibly affect the answer to those interesting propositions.

### Order.

And Now, to wit, this 24th day of September, 1957, upon presentation of the foregoing petition, and upon consideration thereof, it is hereby

Ordered that the appearance of the said William J. Lancaster as attorney for Leah Griffith Schrag, Administratrix of the Estate of David Schrag, deceased, third-party defendant in the claim by Leah Griffith Schrag in her own right, be and the same is withdrawn; it is further

Ordered that the said Leah Griffith Schrag, Administratrix of the Estate of David Schrag, deceased, third-party defendant, be allowed thirty (30) days from the date of this order in which to secure other counsel to represent her as third-party defendant.